UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :
           -v.-                                             :    03 Cr. 308 (LAK) (AJP)
                                                            :
ARNOLD MAURICE BENGIS,                                      :
JEFFREY NOLL, and                                           :
DAVID BENGIS, *et al.*,                                     :
                                                            :
                    Defendants.                             :
                                                            :
------------------------------------------------------------X

# GOVERNMENT'S OBJECTIONS TO REPORT AND RECOMMENDATION

The Government respectfully submits these Objections to the Report and Recommendation, dated August 16, 2012 (the "R & R"). For the reasons set forth in the R & R and the Government's previously filed memoranda of law, the Government respectfully requests that the Court adopt the R & R in its entirety and: (1) enter a restitution order in favor of the Republic of South Africa in the amount of $54,883,550; and (2) order the defendants, jointly and severally, to pay restitution immediately. The Government also requests that the Court order that the defendants pay interest going forward on their restitution obligation.

In addition, the Government requests that the Court order the defendants either to personally appear before the Court on a date and time to be set by the Court to explain their failure to comply with Judge Peck's order that they prepare and serve financial affidavits or, in the alternative, to remedy the failure by a date certain set by the Court.

**I.    The Government Has No Objections to the R & R and the Court Should Order the Defendants to Pay Interest Going Forward on the Restitution.**

The Government has no objections to the substantive portion of the R & R. The R & R plainly adopts a correct view of the law and properly finds that the appropriate amount of restitution is $54,883,550. R & R at 4-17. The R & R also correctly recommends that, because the defendants have failed to satisfy their burden of demonstrating their financial resources and the financial needs of their dependents, restitution be made payable immediately. R & R at 17-18. Finally, the R & R properly recommends that the restitution obligation be joint and several among all three defendants. R & R at 18-19. Accordingly, the Government submits that the Court should adopt the R & R in its entirety.

The only issue left unaddressed by the R & R is whether interest going forward should accrue on the unpaid restitution amount, assuming it is not paid promptly. The Government submits that interest going forward on the unpaid restitution is proper. The default rule is that a defendant owing restitution should pay interest on amounts greater than $2,500. See 18 U.S.C. § 3612(f)(1) ("The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment."). The Court may alter this, but only "[i]f the court determines that the defendant does not have the ability to pay interest." 18 U.S.C. § 3612(f)(3). Here, because the defendants have not provided any updated financial affidavit, there is no basis for a finding that the defendants do not have the ability to pay interest. Accordingly, the default rule (payment of interest going forward) should apply.[1]

---

[1] In 2004, defendant Arnold Bengis provided a financial affidavit. In it, he disclosed a net worth of slightly more than $25 million. Assuming for the purposes of argument that the affidavit accurately disclosed all of the assets under his control, at least that defendant had the ability to pay substantial restitution and interest.

## II.     The Defendants Should Be Required to File a Financial Affidavit.

On June 4, 2012, the parties appeared before Judge Peck to discuss how to proceed with respect to determining the appropriate amount of restitution. The Government appeared in person and the defendants appeared by telephone. A transcript of the proceedings is attached hereto as Exhibit A. During the conference and over the defendants' opposition, the Court ordered that each of the defendants prepare and serve a financial affidavit by July 6, 2012. See Exh. A at 13-14. Following the conference, the Court issued a written order to the same effect. See Order, dated June 4, 2012 (attached hereto as Exh. B). On the day of the conference and at the Court's direction, the Government provided to the defendants by e-mail all of the forms necessary for the preparation of financial affidavits. And after the original date to provide the affidavits had passed, the Government provided the defendants with another copy of the necessary forms. See E-mails (attached hereto as Exh. C and without original attachments). As the R & R notes, see R & R at 17, the defendants failed to submit updated financial affidavits by the date set. Since the original due date, the defendants have not sought to remedy this failure.[2]

The defendants have blatantly flouted an order that they provide financial affidavits setting forth their present financial circumstances. It is plain why they have sought to do so: to frustrate the efforts of the Government to collect restitution and enforce any restitution order against whatever assets are under the control of the defendants wherever those assets may be held. The failure to comply with Judge Peck's order is not inadvertent and has never been

---

[2] After the date for compliance with his order had passed, the Government requested by letter, dated July 18, 2012, that Judge Peck schedule a conference to address the defendants' failure to prepare and serve financial affidavits, direct that the defendants personally appear at the conference, and indicate that, if the defendants served financial affidavits prior to the date of the scheduled conference, the conference would be cancelled. Judge Peck neither granted or denied the Government's request.

3

explained by the defendants.

The Court will recall that, approximately three months after sentencing, defendant Arnold Bengis -- the defendant who had the greatest incentive to frustrate the Government's ability to enforce a restitution order against his assets because of his relatively greater net worth -- vigorously opposed the Government's application to obtain the financial affidavit that he had provided to the Probation Office. Ultimately, the Court ordered that Arnold Bengis' financial affidavit be disclosed to the Government. See United States v. Bengis, 2004 WL 1908224 (S.D.N.Y. Aug. 25, 2004) (directing Probation Office to submit amended presentence report containing defendant's entire financial affidavit) (copy attached hereto as Exh. D).

In doing so, it noted that, unless the Court found that restitution was not mandatory or that none should be required as a matter of the Court's discretion, the Court was "obliged to consider [defendant Arnold Bengis'] means." Id. at *1; see 18 U.S.C. § 3664(f)(2) (providing that court "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid" and, in doing so, consider, among other factors, "financial resources and other assets of the defendant, including whether any of these assets are jointly controlled"). It remains true now, just as it was true then: the Court should be put in the position to consider this sort of financial information in setting the restitution payment schedule and the manner of payment, now that the Court of Appeals has ordered that restitution be awarded to South Africa.

And even though the defendants have not sought to satisfy their burden of proving their financial circumstances or the financial circumstances of their dependents, 18 U.S.C. § 3664(e), updated and complete financial affidavits nonetheless remain important. This is so because the information contained in them will permit the Government to comply with its statutory

4

obligation to enforce any restitution order. By statute, the Attorney General is "responsible for collection of . . . unpaid . . . restitution." 18 U.S.C. § 3612(c). And, because of that responsibility, the Government is empowered to enforce a judgment imposing restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law" and may do so "against all property or rights to property of the person fined," with certain limited exceptions. 18 U.S.C. § 3613(a); see 18 U.S.C. § 3664(m)(1)(A)(i) (providing that restitution orders are enforceable by Government in the same manner as fines). The defendants' identification of their assets will assist the Government substantially in enforcing the restitution order.

Updated and complete financial affidavits are also crucial to the restitution order because among the steps that the Court may take if a defendant is in default on a payment of restitution (defined under 18 U.S.C. § 3572(i) as more than 90 days late) are: (1) holding the defendant in contempt of court; (2) entering a restraining order or injunction; (3) ordering the sale of property of the defendant; and (4) taking any other action necessary to obtain compliance with the order of a fine or restitution. See 18 U.S.C. § 3613A(a)(1). Without a complete financial picture, the Court will not be in a position to determine whether a defendant's failure to pay restitution is the result of his or her resistance of the order or, on the other hand, a legitimate inability to pay. See 18 U.S.C. § 3613A(a)(2) (in determining what action to take upon default on restitution payments, court shall consider, among other things, "the defendant's . . . financial resources . . . and any other circumstances that may have a bearing on the defendant's ability or failure to comply with the order of a fine or restitution"). Nor will the Court be able to order the sale of property to satisfy a restitution order without determining what property a defendant actually

owns.[3]

In order to compel the defendants to provide the financial affidavits that Judge Peck previously ordered that they provide, the Government respectfully requests that the Court order the defendants either to personally appear before the Court to explain their failure to prepare and serve financial affidavits or, in the alternative, to remedy the failure by a date certain set by the Court.

Should the Court so order and if the defendants thereafter fail to comply, the Government will seek to have them held in civil contempt. See generally United States v. Chusid, 372 F.3d 113, 116-17 (2d Cir. 2004) (affirming district court's finding of contempt and order that defendant be imprisoned "until such time as he satisfies his obligations to make restitution and pay the fine imposed by the Court, or establishes to the satisfaction of the Court that he has taken all reasonable bona fide steps available to him to satisfy his restitution and fine obligations").[4]

---

[3] Other measures available to a court in the face of a defendant's default upon a restitution obligation include revocation of probation or supervised release. 18 U.S.C. § 3613A(a)(1). In this case, where all of the defendants have long ago completed their terms of imprisonment and supervised release, these measures are unavailable.

[4] The Government did not seek to have Judge Peck hold the defendants in contempt for failure to prepare and serve financial affidavits because a United States magistrate judge does not have the authority to hold a party in civil contempt in a criminal case except in a "misdemeanor case proceeding before a magistrate judge under" 18 U.S.C. § 3401. See 28 U.S.C. § 636(e)(4). Defendants Arnold Bengis and Jeffrey Noll pled guilty to felonies; defendants David Bengis pled guilty to a misdemeanor. A United States District Judge may find a party in contempt for conduct occurring in a proceeding before a magistrate judge, but only upon the satisfaction of various procedural requirements, including the magistrate judge's certification of the facts constituting the contemptuous behavior. See 28 U.S.C. § 636(e)(6)(B).

## III. **Conclusion**

For the reasons set forth in the R & R and the Government's previously filed memoranda of law, the Government respectfully requests that the Court adopt the R & R in its entirety and: (1) enter a restitution order in favor of the Republic of South Africa in the amount of $54,883,550; and (2) order the defendants, jointly and severally, to pay restitution immediately. The Government further requests that the Court order the defendants to pay interest going forward on the unpaid restitution. Finally, the Government requests that the Court order the defendants either to personally appear before the Court on a date and time set by the Court to explain their failure to prepare and serve financial affidavits or, in the alternative, to remedy the failure by a date certain set by the Court.

Dated: August 23, 2012
      New York, New York

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney

                     By: ____/s/_____
                          Daniel W. Levy
                          Assistant United States Attorney
                          Telephone: (212) 637-1062

# AFFIRMATION OF SERVICE

DANIEL W. LEVY, pursuant to 28 U.S.C. § 1746, declares under the penalty of perjury:

I am employed in the Office of the United States Attorney for the Southern District of New York.

On August 23, 2012, I caused a copy of the foregoing GOVERNMENT'S OBJECTIONS TO REPORT AND RECOMMENDATION, together with the attachments hereto, to be served via overnight mail upon the following persons:

        Arnold Maurice Bengis and David Bengis
        7 Perceval Avenue
        London, United Kingdom
        NW34PY

        -and-

Jeffrey Noll

Boca Raton, Florida

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 23, 2012
      New York, New York

                                      /s/
                                 Daniel W. Levy
                                 Assistant United States Attorney
                                 Telephone: (212) 637-1062