# Exhibit U

16/02/2012



CERTIFIED TO BE A TRUE
AND FAITHFUL COPY OF
THE ORIGINAL

Irene W K Potter
Barrister at Law
33 Wigmore Street
London W1U 1AU
Tel: +44 (0)20 7034 5204
Fax: +44 (0)20 7486 0438

| SYNERGY INDEX | Cabinet | CLIENT | Doc Type | KYCC | Doc Date | Trust Client No. |
|---|---|---|---|---|---|---|
| | | | | | | |

## CUSTOMER DUE DILIGENCE - KNOW YOUR CLIENT'S BUSINESS ("KYCB") PROFILE

The purpose of this form is to assist SGPB Hambros & its employees to carry out its responsibilities to deter money laundering.

KYCB data should be completed in full as part of the New Client Acceptance process. However, **this is a 'living' document** and must be updated on an ongoing basis so as to detail the present relationship with and status of our Client. As changes occur, this document must be updated and saved. Whenever updated, **a copy should be printed and scanned into Synergy**..

| Full Name of Trust:_ | INWEALTH TRUSTEES ATO THE LAMBDA TRUST |
|---|---|

| | | |
|---|---|---|
| 1. | Is this a stand-alone Trust or part of a group structure? *See footnote below* [1] | ☐ Part of a structure  **NOTE**: If part of a structure, you **MUST** attach a structure diagram or provide a full description of the entire relationship. |
| 2. | What was the source of introduction of this business? *Another client, a professional firm, response to an advertisement etc* | Introduction from pre-existing client – David Bengis and known Wealth Management and Trust provider - InWealth |
| 3. | Why SGPBH & this jurisdiction? *A brief Indication of the rationale behind this account being opened with SGH – why is the business coming to us? Provide a separate file note if required* | Pre existing relationship with Settlor – David Bengis |
| 4. | Full name of the Settlor [2] *(Who is settling assets into the Trust)* | David Paul Bengis |
| 5. | Has the Settlor been met face to face? *IF YES: when & by whom* *IF NO: explain why not* | Yes, numerous times. Most recently by Anthony Holley and Tarly Bolla, Jersey Office on 25th October 2011 |
| 6. | What is/was the Source of Wealth of the Settlor? And how was the SoW verified? *Fully explain how the Settlor accumulated their wealth. Terms such as "Inheritance" or "earned" need to be expanded to give full detail and provide documentary evidence (where appropriate). Refer to the Source of Wealth Matrix on SGHambros online. Provide a separate file note if required.* | Professional Practice – ~~Lobster fishing~~ INVESTMENTS Please see attached call note referring to the full history of D Bengis and relationship breakdown |
| 7. | What are the Nature and Objectives of the Trust *(Discretionary, Declaration, Strict Settlement etc.)* | Discretionary. Family Wealth Management for younger generation |
| 8. | Explain the Relationship between Settlor & Beneficiaries *(e.g. Family, business etc.)* | All Family Members. |

---

[1] This Trust owns a Company or Companies, **OR** the Settlor beneficially owns (fully or in part) another Company or has settled another Trust.
[2] The term "Settlor" can also refer to Settlors, if there is more than one, and also to Grantor(s).

| | |
|---|---|
| 9. State the amount and source of the funds being remitted to open this new account.<br><br>*State the Amount, the Name of the Remitter, the Bank and Country that will be remitting the initial funds.*<br><br>*If it is not in the same name as the Client, fully explain the reasons for 3rd party involvement. If securities, state the name the securities are held in and the originating broker details* | Dividend payments will be paid into the account on an ad hoc basis from Investments held in other SGPBH accounts.<br><br>The trust owns 1,000 shares in Balagan Limited (see attached company flowchart) |
| 10. Detail any known further assets to be settled into Trust. | Dividend payments on an ad hoc basis from the Settlor. |
| 11. What services are being/to be provided by SGPBH?<br><br>*Fully list the products and service the client requires from SGH. This will help determine the level of KYC information required. If in doubt refer to your MLRO.*<br>*i.e. Services - Bank Account, Credit, Investment and Trust Products – Visa Card, Structured Notes, E-banking* | Banking and Trust with potential for Investment portfolio once account open. |
| 12. What is the **estimated** Financial Activity of the Trust?<br>State the amount and frequency of all anticipated client-instigated transactions. **Ignore** transactions such as fees, interest, dividends, fixed rollovers etc. | Minimal. Small income stream into account to accumulate over time. |
| 13. Value range of transactions:<br>*This information will assist in identifying any unusual transactions.*<br><br>**Estimated** value ranges:<br>*To be completed at client take-on.*<br><br>**Actual** value ranges:<br>*To be updated whenever Profile is reviewed. Indicate the value of transactions from the last to the current review* | *Indicate the maximum value of anticipated transactions. Be as accurate as possible - i.e. If you know the only income received is monthly rental income of £10K, put up to £10K.*<br><br>**Incoming Funds**                 **Payments out**<br><br>Up to:    $100,000              Up to:<br><br>Review period     From:                 To:<br><br>Inward     Low                    High |
| 14. Detail any anticipated cross-border financial transactions (payments and receipts)<br>*Detail the amount, beneficiary/remitter, country and purpose of any payments/receipts to/from **outside the jurisdiction in which the account is to be maintained**.* | None anticipated, but potentially UK |

| 15. What is, or is likely to be, the Trust's annual income and how is it/will it be derived? | | | | | |
|---|---|---|---|---|---|
| 16. Annual Turnover (GBP equiv): | Last year | | | This year (estimated) | |
| 17. Name & address of any other Bankers to the Trust | | | | | |

18. List ALL Protectors/Appointors, other controllers, named Beneficiaries *(if not named in trust deed).*
 * If there are more than for parties, continue on a separate sheet, using the same format as above.

| Position(s) Held | Full Name | Residential Address |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

19. Connected accounts - list all other accounts held within the SG Hambros Group that are connected to this Client
 * If there are more than 4 connected accounts, continue on a separate sheet, using the same format as above.

| SGH Jurisdiction | Name of connected Client | Client No. | Relationship to this Client | Olympic RE code |
|---|---|---|---|---|
| JSY | David Paul Bengis | 182779 | Group Connection with | 029 |
| JSY | Gabi Ann Bengis | 189421 | Group Connection with | 029 |
| JSY | Evolution Partners | 207330 | Group Connection with | 029 |
| JSY | Biema Holdings Limited | 213594 | Group Connection with | 029 |

20. Any other pertinent information

Please see the attached that gives further break down of Connected accounts

| KYCB Profile updates – record of updates to the original Profile | | |
|------|-------------|-------------------------------------|
| Date | Reviewed by | Record of significant changes made |
|      |             |                                     |
|      |             |                                     |
|      |             |                                     |
|      |             |                                     |
|      |             |                                     |
|      |             |                                     |
|      |             |                                     |
|      |             |                                     |
|      |             |                                     |
|      |             |                                     |
|      |             |                                     |

*Forward this form and all required attachments to Middle Office*

**Middle Office/Operations**

Arrange for relevant 'AN' code to be updated in Olympic with the next review date shown on the Risk Assessment Form.

**Input by**
　Print Name　　　　　　　　　　　　　Signature　　　　　　　　　　　　Date

**Controlled by**
　Print Name　　　　　　　　　　　　　Signature　　　　　　　　　　　　Date

Client No |
Lab at |  /16RM
Loc Panel |  TSD
Loc Date |  7/8/12
8

# The Lambda Trust

CERTIFIED TO BE A TRUE
AND FAITHFUL COPY OF
THE ORIGINAL

Irene W K Potter
Barrister at Law
33 Wigmore Street
London W1U 1AU
Tel: +44 (0)20 7034 5204
Fax: +44 (0)20 7486 0438

**THIS SETTLEMENT ("the Settlement" )** is made the 13th day of January 2012 by and between David Bengis of 6 Wychcombe Studios, London NW3 4XY, United Kingdom hereinafter referred to as "the Settlor") of the first part and InWealth Trustees Nevis Limited, a company incorporated in the Island of Nevis which has its Registered Office at Units 10-12, Springates East, Government Road, Charlestown, Nevis, West Indies (hereinafter referred to as "the Trustee(s)" which expression shall where the context so admits include the trustees or trustee for the time being of this Trust and "Trustee(s)" means each and any of the Trustee(s) of the second part

WHEREAS

(A) THE Settlor has transferred the property specified in Schedule B hereof to the Trustee(s) to be held upon the trusts and with and subject to the powers and provisions hereinafter declared and contained and it is contemplated that further property will be transferred to or otherwise placed under the control of the Trustee(s) to be held upon the same trusts and with and subject to the same powers and provisions

(B) FOR the purposes of identification this Settlement shall be called and known as The Lambda Trust or by such other name as the Trustee(s) may from time to time in their absolute discretion declare to be the name of this Trust

(C) IT is intended that the Settlement shall be irrevocable

NOW THIS SETTLEMENT IRREVOCABLY WITNESSES as follows:-

## 1. DEFINITIONS

In this Settlement wherever the context permits the following words shall have the following meanings-

(a) **"Beneficiaries"** means

(i) The Person(s) specified in Schedule A hereof

(ii) such other persons as are added to the class of Beneficiaries in exercise of the powers conferred upon the Trustee(s) by clause 3 hereof

(b) **"Excluded Persons"** means any person or persons as may be designated as an Excluded Person or Persons in exercise of the powers conferred upon the Trustee(s) by clause 6 hereof

(c) **"the law of the Island of Nevis"** means the law of the Islands of St. Christopher and Nevis promulgated by the Nevis Island Assembly or interpreted by the Courts of St. Christopher and Nevis.

(d) **"Person"** means any individual or any body of persons corporate or unincorporated.

(e) the **"Protector"** means Arnold Bengis of 5th Floor, 38 Wigmore Street, London, W1U 2HA, United Kingdom or any person or company for the time being appointed hereunder.

(f) **"this Trust"** or **"the Trust"** or **"this Settlement"** means the trusts declared by this Deed as herein set out.

(g) **"the Proper Law of the Trust"** means the jurisdiction and body of Law under which this trust is to be interpreted and administered and the courts of which are to have jurisdiction as from the date hereof and until changed pursuant to the terms and provisions of this Trust.

(h) **"the Trust Fund"** means:

(i) the property specified in clause B hereof both capital and income and hereinafter referred to as "the Initial Property";

(ii) all money investments or other property whether real or personal hereafter paid or transferred by any person or persons to or so as to be under the control of and accepted by the Trustee(s) as additions to the Trust Fund either as capital or income

(iii) all accumulations of income or capital

(iv) the money investments and property from time to time representing the said money property and additions and accumulations of income or capital;

(v) all dividends rights issues interests rents profits and accretions and additions or accumulations thereto or produced by the above whether capital or income of whatsoever kind and wheresoever situate and

(vi) any part or parts thereof.

(i)    **"the Trust Period"** means the period from the date hereof until whichever of the following dates shall first occur namely:

(i) the period of one hundred years from the date of this Trust;

(ii) such day (if any) as the Trustee(s) may at their discretion appoint by deed executed prior to the date specified in paragraph (i) of this sub-clause provided always that notwithstanding anything to the contrary herein contained either expressly or by implication no power or discretion which is subject to the rule against perpetuities and is by this Trust conferred on the Trustee(s) shall be exercisable in any circumstances after the end of the perpetuity period the Trust Period being the perpetuity period applicable to the Trust

(j)    In the interpretation and construction of each and every provision hereof:

(i) any adopted or legitimated person shall be treated as and deemed to be the child of his adoptive or legitimate parents as the case may be and of no other person;

(ii) references to the issue of any person shall include the children and remoter issue of such person through all degrees;

(iii) words in the singular shall include the plural and words in the plural shall include the singular;

(iv) words importing the masculine gender shall include the feminine or neuter and vice versa;

(k)    **"company"** shall mean any body corporate (of whatever kind) incorporated or brought into existence in any part of the world

(l)    **"property"** shall mean real, personal, movable or immovable property of any description wheresoever situated and interests rights or expectations in or over any such property including without prejudice to the generality of the foregoing intellectual property, industrial property, intangible property and choses in action of any description subject to any change in the Proper Law of the Trust and as otherwise herein provided the words used herein shall bear the meaning ascribed to them under the Law of the Island of Nevis;

The headings and sub-headings to this Deed are for convenience only and shall not affect the construction of the provisions hereof

## 2. POWER OF APPOINTMENT OF NEW OR ADDITIONAL TRUSTEES

The provisions contained in Part 6 section 35 of the Nevis International Exempt Trust Ordinance 1994 which are incorporated herein by reference shall apply when any Trustee(s) shall die or (being a company) shall be dissolved or shall give notice of a desire to withdraw and be discharged from these trusts or shall refuse or become unfit to act

## 3. POWER TO ALTER CLASS OF BENEFICIARIES

The Trustee(s) subject to the prior written consent of the Protector shall have power by deed or deeds revocable or irrevocable executed during the trust period to declare that any individual or individuals whether or not then born or ascertained for such period or periods as shall be specified in any such deed or deeds be included in the class of Beneficiaries defined in clause 1(a) above. The Trustee(s) shall also have power by deed or deeds revocable or irrevocable executed during the Trust Period to declare that any individual or individuals whether or not then born or ascertained who is or are a member or members (or eligible to be added as a member or members) of the class of Beneficiaries as defined by the said clause 1(a) immediately prior to the execution of such deed or deeds shall from such time and either permanently or for such period(s) as shall be specified in any such deed(s) cease to be a member or members (or eligible to become a member or members) of the class of Beneficiaries as defined by the said clause 1(a)

## 4. PROTECTOR

A new Protector shall be appointed whenever the Protector for the time being (being an individual) dies or is desirous of being discharged or (being a corporate body) is put into liquidation or unable or unfit to act or whenever the person for the time being having power to appoint a new Protector desires that the Protector for the time being should be removed as Protector. Power to appoint a new Protector is vested in the Protector for the time being or in the event of there being no protector for the time being the Trustee. The Protector's powers shall be in accordance with the provisions contained in Part 2 section 9 of the Nevis International Exempt Trust Ordinance 1994-95 and including but not limited to:-

(a.) Power of veto on intended distributions of income or capital;
(b.) Power of veto on intended investments;
(c.) Power to remove trustees;
(d.) Power to appoint new or additional trustees;
(e.) Power to exclude any beneficiary as a beneficiary of the trust;
(f.) Power to add any person (other than the Settlor) as a beneficiary of the trust in addition to any existing beneficiary of the trust, including any private or charitable trust or foundation;
(g.) Power to determine the proper law of the trust;
(h.) Power to change the forum of administration of the trust;
(i.) Power to release any of the Protector's powers

## 5. PROPER LAW FORUM AND PLACE OF ADMINISTRATION

(a) The proper law of this Trust shall be the Island of Nevis and all rights under this Trust and its construction and effect shall be subject to the jurisdiction of and construed according to the laws of the Island of Nevis

(b) The Courts of the Island of Nevis shall be the forum for the administration of these trusts

(c) Notwithstanding the provisions of sub-clauses (a) and (b) above, the Trustee(s) may from time to time with the prior written consent of the Protector (if any) at any time declare by deed that from the date of execution of such deed the Proper Law of the Trust shall be that of any specified jurisdiction and all the rights under this Trust and its construction and effect shall be subject to and construed according to the laws of that jurisdiction

The Trustee(s) may from time to time with the prior written consent of the Protector(if any) declare by deed that from the date of execution of such deed the forum for the administration of these trusts shall be the courts of any specified jurisdiction.

## 6. EXCLUSION FROM BENEFIT

Notwithstanding anything declared or implied in this Trust without the consent of the Protector no power or discretion by this Trust or by general law conferred on the Trustee(s) or any of them or on any other person or persons or company whatsoever shall be exercisable and no provision contained in this Trust shall operate in any manner so as to cause any property for the time being subject to the trusts declared and contained herein or any income of it to be paid or applied in any manner or in any circumstances whatsoever to or for the benefit of any Excluded Person as defined in clause 1(b) above

## 7. INDEMNITY

In the professed execution of the trusts and powers hereof none of the Trustees shall be liable for any loss arising by reason of any improper investment made in good faith or for the retention of any improper investment or any failure to see to the custody or preservation of any chattels or the making or revising of any inventory thereof or for the negligence or fraud of any agent employed by him or by any other of the Truetees hereof(although the employment of such agent was not strictly necessary or expedient) or by reason of any other matter or thing whatsoever except wilful and individual fraud or wrongdoing on the part of the Trustee who is sought to be made liable

## 8. ULTIMATE DEFAULT TRUSTS

In the event of the failure or determination of the above trusts the capital and income of the Trust Fund shall be held upon trust for such of the Beneficiaries as are living at the date of this Deed and if more than one, in equal shares absolutely.

## 9. TRUSTEE(S) ADMINISTRATIVE POWERS

The Trustee(s) shall have all the powers conferred on them by general law and by the Nevis International Exempt Trust Ordinance 1994 including but not limited to:-

(a)     Power to invest Trust Fund as the Trustee(s) shall in their absolute discretion deem fit

(b)     Power to raise any monies required from time to time with or without securuty with the prior written consent of the Protector

(c)     Power to lend monies with or without security with the prior written consent of the Protector

(d)     Power to effect and maintain insurance and or assurance policies on the life or health of any person or in respect of any propert or liability whatsoever and pay any premiums out of the Trust Fund

(e)     Power to enter indemnities to the extent permitted by law in favour of any former Trustee(s) or any other person in respect of any fiscal imposition or other liability of any nature prospectively payable out of the Trust Fund

(f)     Power to pay taxes out of the Trust Fund

(g)     Power to promote companies

(h)     Power to effect compromises

If in the course of the management or administration of the property for the time being subject to the trusts herein the Trustee(s) shall consider that any transaction is expedient but the same cannot be effected by reason of the absence of any power for that purpose vested in the Trustee(s) of this Trust or by general law the Trustee(s) may by any deed or deeds confer upon themselves or upon their nominee or nominees either generally or in any particular instance the necessary power for that purpose without the necessity (if any) of obtaining the order of the Court of competent jurisdiction

IN WITNESS WHEREOF of the Trustee has caused its Common Seal to be affixed hereunto the day and year first above mentioned:

The Common Seal of                                    )
INWEALTH TRUSTEES NEVIS LIMITED

was hereto affixed                                    )
in the presence of:                                   )

Signed by the Settlor
David Bengis

in the presence of:

## SCHEDULE A

## DISCRETIONARY BENEFICIARIES

During her life, Lana Bengis Rubenstein will be the beneficiary of the trust's income. Her 4 children, Aryeh Rubinstein, Jonathan Rubinstein, Batsheva Rubinstein and Daniel Rubinstein, are beneficiaries of the trust capital equally. After her death, children will automatically become beneficiaries of trust income.

And such other discretionary beneficiary as may be declared by the Trustees from time to time by Deed pursuant to the terms of this Deed.

## SCHEDULE B

## TRUST FUND

The Trust Fund consists of US$100 and such assets as are contributed to the Trust from time to time.

| Client No. | | | | | | | |
|---|---|---|---|---|---|---|---|
| Cabinet | | PERM | | | | | |
| Doc Type | | TSD | | | | | |
| Doc Date | | 7/3/12 | | | | | |
| Pages if any | | | | | | 8 | |

# The Delta One Trust

CERTIFIED TO BE A TRUE
AND FAITHFUL COPY OF
THE ORIGINAL

*Irene W K Potter*

Irene W K Potter
Barrister at Law
33 Wigmore Street
London W1U 1AU
Tel: +44 (0)20 7034 5204
Fax: +44 (0)20 7486 0438

**THIS SETTLEMENT ("the Settlement" )** is made the 13th day of January 2012 by and between David Bengis of 6 Wychcombe Studios, London NW3 4XY, United Kingdom hereinafter referred to as "the Settlor") of the first part and InWealth Trustees Nevis Limited, a company incorporated in the Island of Nevis which has its Registered Office at Units 10-12, Springates East, Government Road, Charlestown, Nevis, West Indies (hereinafter referred to as "the Trustee(s)" which expression shall where the context so admits include the trustees or trustee for the time being of this Trust and "Trustee(s)" means each and any of the Trustee(s) of the second part

WHEREAS

    (A) THE Settlor has transferred the property specified in Schedule B hereof to the Trustee(s) to be held upon the trusts and with and subject to the powers and provisions hereinafter declared and contained and it is contemplated that further property will be transferred to or otherwise placed under the control of the Trustee(s) to be held upon the same trusts and with and subject to the same powers and provisions

    (B) FOR the purposes of identification this Settlement shall be called and known as The Delta One Trust or by such other name as the Trustee(s) may from time to time in their absolute discretion declare to be the name of this Trust

    (C) IT is intended that the Settlement shall be irrevocable

NOW THIS SETTLEMENT IRREVOCABLY WITNESSES as follows:-

### 1. DEFINITIONS

In this Settlement wherever the context permits the following words shall have the following meanings-

(a)    **"Beneficiaries"** means

        (i) The Person(s) specified in Schedule A hereof

        (ii) such other persons as are added to the class of Beneficiaries in exercise of the powers conferred upon the Trustee(s) by clause 3 hereof

(b)    **"Excluded Persons"** means any person or persons as may be designated as an Excluded Person or Persons in exercise of the powers conferred upon the Trustee(s) by clause 6 hereof

(c)    **"the law of the Island of Nevis"** means the law of the Islands of St. Christopher and Nevis promulgated by the Nevis Island Assembly or interpreted by the Courts of St. Christopher and Nevis.

(d)    **"Person"** means any individual or any body of persons corporate or unincorporated.

(e)    the **"Protector"** means Arnold Bengis of 5th Floor, 38 Wigmore Street, London, W1U 2HA, United Kingdom or any person or company for the time being appointed hereunder.

(f)    **"this Trust"** or **"the Trust"** or **"this Settlement"** means the trusts declared by this Deed as herein set out.

(g)    **"the Proper Law of the Trust"** means the jurisdiction and body of Law under which this trust is to be interpreted and administered and the courts of which are to have jurisdiction as from the date hereof and until changed pursuant to the terms and provisions of this Trust.

Irene W K Potter
Barrister at Law
33 Wigmore Street
London W1U 1AU
Tel: +44 (0)20 7034 5204
Fax: +44 (0)20 7486 0438

(h) **"the Trust Fund"** means:

(i) the property specified in clause B hereof both capital and income and hereinafter referred to as "the Initial Property";

(ii) all money investments or other property whether real or personal hereafter paid or transferred by any person or persons to or so as to be under the control of and accepted by the Trustee(s) as additions to the Trust Fund either as capital or income

(iii) all accumulations of income or capital

(iv) the money investments and property from time to time representing the said money property and additions and accumulations of income or capital;

(v) all dividends rights issues interests rents profits and accretions and additions or accumulations thereto or produced by the above whether capital or income of whatsoever kind and wheresoever situate and

(vi) any part or parts thereof.

(i) **"the Trust Period"** means the period from the date hereof until whichever of the following dates shall first occur namely:

(i) the period of one hundred years from the date of this Trust;

(ii) such day (if any) as the Trustee(s) may at their discretion appoint by deed executed prior to the date specified in paragraph (i) of this sub-clause provided ₁always that notwithstanding anything to the contrary herein contained either expressly or by implication no power or discretion which is subject to the rule against perpetuities and is by this Trust conferred on the Trustee(s) shall be exercisable in any circumstances after the end of the perpetuity period the Trust Period being the perpetuity period applicable to the Trust

(j) In the interpretation and construction of each and every provision hereof:

(i) any adopted or legitimated person shall be treated as and deemed to be the child of his adoptive or legitimate parents as the case may be and of no other person;

(ii) references to the issue of any person shall include the children and remoter issue of such person through all degrees;

(iii) words in the singular shall include the plural and words in the plural shall include the singular;

(iv) words importing the masculine gender shall include the feminine or neuter and vice versa;

(k) **"company"** shall mean any body corporate (of whatever kind) incorporated or brought into existence in any part of the world

(l) **"property"** shall mean real, personal, movable or immovable property of any description wheresoever situated and interests rights or expectations in or over any such property including without prejudice to the generality of the foregoing intellectual property, industrial property, intangible property and choses in action of any description subject to any change in the Proper Law of the Trust and as otherwise herein provided the words used herein shall bear the meaning ascribed to them under the Law of the Island of Nevis;

The headings and sub-headings to this Deed are for convenience only and shall not affect the construction of the provisions hereof

## 2. POWER OF APPOINTMENT OF NEW OR ADDITIONAL TRUSTEES

The provisions contained in Part 6 section 35 of the Nevis International Exempt Trust Ordinance 1994 which are incorporated herein by reference shall apply when any Trustee(s) shall die or (being a company) shall be dissolved or shall give notice of a desire to withdraw and be discharged from these trusts or shall refuse or become unfit to act

## 3. POWER TO ALTER CLASS OF BENEFICIARIES

The Trustee(s) subject to the prior written consent of the Protector shall have power by deed or deeds revocable or irrevocable executed during the trust period to declare that any individual or individuals whether or not then born or ascertained for such period or periods as shall be specified in any such deed or deeds be included in the class of Beneficiaries defined in clause 1(a) above. The Trustee(s) shall also have power by deed or deeds revocable or irrevocable executed during the Trust Period to declare that any individual or individuals whether or not then born or ascertained who is or are a member or members (or eligible to be added as a member or members) of the class of Beneficiaries as defined by the said clause 1(a) immediately prior to the execution of such deed or deeds shall from such time and either permanently or for such period(s) as shall be specified in any such deed(s) cease to be a member or members (or eligible to become a member or members) of the class of Beneficiaries as defined by the said clause 1(a)

## 4. PROTECTOR

A new Protector shall be appointed whenever the Protector for the time being (being an individual) dies or is desirous of being discharged or (being a corporate body) is put into liquidation or unable or unfit to act or whenever the person for the time being having power to appoint a new Protector desires that the Protector for the time being should be removed as Protector. Power to appoint a new Protector is vested in the Protector for the time being or in the event of there being no protector for the time being the Trustee. The Protector's powers shall be in accordance with the provisions contained in Part 2 section 9 of the Nevis International Exempt Trust Ordinance 1994-95 and including but not limited to:-

(a.)     Power of veto on intended distributions of income or capital;
(b.)     Power of veto on intended investments;
(c.)     Power to remove trustees;
(d.)     Power to appoint new or additional trustees;
(e.)     Power to exclude any beneficiary as a beneficiary of the trust;
(f.)     Power to add any person (other than the Settlor) as a beneficiary of the trust in addition to any existing beneficiary of the trust, including any private or charitable trust or foundation;
(g.)     Power to determine the proper law of the trust;
(h.)     Power to change the forum of administration of the trust;
(i.)     Power to release any of the Protector's powers

## 5. PROPER LAW FORUM AND PLACE OF ADMINISTRATION

(a) The proper law of this Trust shall be the Island of Nevis and all rights under this Trust and its construction and effect shall be subject to the jurisdiction of and construed according to the laws of the Island of Nevis

(b) The Courts of the Island of Nevis shall be the forum for the administration of these trusts

(c) Notwithstanding the provisions of sub-clauses (a) and (b) above, the Trustee(s) may from time to time with the prior written consent of the Protector (if any) at any time declare by deed that from the date of execution of such deed the Proper Law of the Trust shall be that of any specified jurisdiction and all the rights under this Trust and its construction and effect shall be subject to and construed according to the laws of that jurisdiction

The Trustee(s) may from time to time with the prior written consent of the Protector(if any) declare by deed that from the date of execution of such deed the forum for the administration of these trusts shall be the courts of any specified jurisdiction.

## 6. EXCLUSION FROM BENEFIT

Notwithstanding anything declared or implied in this Trust without the consent of the Protector no power or discretion by this Trust or by general law conferred on the Trustee(s) or any of them or on any other person or persons or company whatsoever shall be exercisable and no provision contained in this Trust shall operate in any manner so as to cause any property for the time being subject to the trusts declared and contained herein or any income of it to be paid or applied in any manner or in any circumstances whatsoever to or for the benefit of any Excluded Person as defined in clause 1(b) above

## 7. INDEMNITY

In the professed execution of the trusts and powers hereof none of the Trustees shall be liable for any loss arising by reason of any improper investment made in good faith or for the retention of any improper investment or any failure to see to the custody of or preservation of any chattels or the making or revising of any inventory thereof or for the negligence or fraud of any agent employed by him or by any other of the Truetees hereof(although the employment of such agent was not strictly necessary or expedient) or by reason of any other matter or thing whatsoever except wilful and individual fraud or wrongdoing on the part of the Trustee who is sought to be made liable

## 8. ULTIMATE DEFAULT TRUSTS

In the event of the failure or determination of the above trusts the capital and income of the Trust Fund shall be held upon trust for such of the Beneficiaries as are living at the date of this Deed and if more than one, in equal shares absolutely.

## 9. TRUSTEE(S) ADMINISTRATIVE POWERS

The Trustee(s) shall have all the powers conferred on them by general law and by the Nevis International Exempt Trust Ordinance 1994 including but not limited to:-

(a)     Power to invest Trust Fund as the Trustee(s) shall in their absolute discretion deem fit

(b)     Power to raise any monies required from time to time with or without securuty with the prior written consent of the Protector

(c)     Power to lend monies with or without security with the prior written consent of the Protector

(d)     Power to effect and maintain insurance and or assurance policies on the life or health of any person or in respect of any propert or liability whatsoever and pay any premiums out of the Trust Fund

(e)     Power to enter indemnities to the extent permitted by law in favour of any former Trustee(s) or any other person in respect of any fiscal imposition or other liability of any nature prospectively payable out of the Trust Fund

(f)     Power to pay taxes out of the Trust Fund

(g)     Power to promote companies

(h)     Power to effect compromises

If in the course of the management or administration of the property for the time being subject to the trusts herein the Trustee(s) shall consider that any transaction is expedient  but the same cannot be effected by reason of the absence of any power for that purpose vested in the Trustee(s) of this Trust or by general law the Trustee(s) may by any deed or deeds confer upon themselves or upon their nominee or nominees either generally or in any particular instance the necessary power for that purpose without the necessity (if any) of obtaining the order of the Court of competent jurisdiction

IN WITNESS WHEREOF of the Trustee has caused its Common Seal to be affixed hereunto the day and year first above mentioned.

The Common Seal of                                                      )
INWEALTH TRUSTEES NEVIS LIMITED

                                                                        )
was hereto affixed                                                      )
in the presence of:                                                     )


Signed by the Settlor                                                   )
David Bengis                                                            )

in the presence of:                                                     )

## SCHEDULE A

## DISCRETIONARY BENEFICIARIES

Noa Bengis will be the beneficiary of the trust's Capital. Elizabeth Bengis will be the beneficiary of the trust's income.

And such other discretionary beneficiary as may be declared by the Trustees from time to time by Deed pursuant to the terms of this Deed.

## SCHEDULE B

## TRUST FUND

The Trust Fund consists of US$100 and such assets as are contributed to the Trust from time to time.

Client No.

Cabinet    PERM

Doc Type    ISO

Doc Date    7/3/12

                              8

# The Gamma Trust

CERTIFIED TO BE A TRUE
AND FAITHFUL COPY OF
THE ORIGINAL

Irene W K Potter
Barrister at Law
33 Wigmore Street
London W1U 1AU
Tel: +44 (0)20 7034 5204
Fax: +44 (0)20 7486 0438

**THIS SETTLEMENT ("the Settlement" )** is made the 13th day of January 2012 by and between David Bengis of 6 Wychcombe Studios, London NW3 4XY, United Kingdom hereinafter referred to as "the Settlor") of the first part and InWealth Trustees Nevis Limited, a company incorporated in the Island of Nevis which has its Registered Office at Units 10-12, Springates East, Government Road, Charlestown, Nevis, West Indies (hereinafter referred to as "the Trustee(s)" which expression shall where the context so admits include the trustees or trustee for the time being of this Trust and "Trustee(s)" means each and any of the Trustee(s) of the second part

WHEREAS

- (A) THE Settlor has transferred the property specified in Schedule B hereof to the Trustee(s) to be held upon the trusts and with and subject to the powers and provisions hereinafter declared and contained and it is contemplated that further property will be transferred to or otherwise placed under the control of the Trustee(s) to be held upon the same trusts and with and subject to the same powers and provisions
- (B) FOR the purposes of identification this Settlement shall be called and known as The Gamma Trust or by such other name as the Trustee(s) may from time to time in their absolute discretion declare to be the name of this Trust
- (C) IT is intended that the Settlement shall be irrevocable

NOW THIS SETTLEMENT IRREVOCABLY WITNESSES as follows:-

## 1. DEFINITIONS

In this Settlement wherever the context permits the following words shall have the following meanings-

(a)    **"Beneficiaries"** means

(i) The Person(s) specified in Schedule A hereof

(ii) such other persons as are added to the class of Beneficiaries in exercise of the powers conferred upon the Trustee(s) by clause 3 hereof

(b)    **"Excluded Persons"** means any person or persons as may be designated as an Excluded Person or Persons in exercise of the powers conferred upon the Trustee(s) by clause 6 hereof

(c)    **"the law of the Island of Nevis"** means the law of the Islands of St. Christopher and Nevis promulgated by the Nevis Island Assembly or interpreted by the Courts of St. Christopher and Nevis.

(d)    **"Person"** means any individual or any body of persons corporate or unincorporated.

(e)    the **"Protector"** means Arnold Bengis of 5th Floor, 38 Wigmore Street, London, W1U 2HA, United Kingdom or any person or company for the time being appointed hereunder.

(f)    **"this Trust"** or **"the Trust"** or **"this Settlement"** means the trusts declared by this Deed as herein set out.

(g)    **"the Proper Law of the Trust"** means the jurisdiction and body of Law under which this trust is to be interpreted and administered and the courts of which are to have jurisdiction as from the date hereof and until changed pursuant to the terms and provisions of this Trust.

(h)     **"the Trust Fund"** means:

(i) the property specified in clause B hereof both capital and income and hereinafter referred to as "the Initial Property";

(ii) all money investments or other property whether real or personal hereafter paid or transferred by any person or persons to or so as to be under the control of and accepted by the Trustee(s) as additions to the Trust Fund either as capital or income

(iii) all accumulations of income or capital

(iv) the money investments and property from time to time representing the said money property and additions and accumulations of income or capital;

(v) all dividends rights issues interests rents profits and accretions and additions or accumulations thereto or produced by the above whether capital or income of whatsoever kind and wheresoever situate and

(vi) any part or parts thereof.

(i)     **"the Trust Period"** means the period from the date hereof until whichever of the following dates shall first occur namely:

(i) the period of one hundred years from the date of this Trust;

(ii) such day (if any) as the Trustee(s) may at their discretion appoint by deed executed prior to the date specified in paragraph (i) of this sub-clause provided always that notwithstanding anything to the contrary herein contained either expressly or by implication no power or discretion which is subject to the rule against perpetuities and is by this Trust conferred on the Trustee(s) shall be exercisable in any circumstances after the end of the perpetuity period the Trust Period being the perpetuity period applicable to the Trust

(j)     In the interpretation and construction of each and every provision hereof:

(i) any adopted or legitimated person shall be treated as and deemed to be the child of his adoptive or legitimate parents as the case may be and of no other person;

(ii) references to the issue of any person shall include the children and remoter issue of such person through all degrees;

(iii) words in the singular shall include the plural and words in the plural shall include the singular;

(iv) words importing the masculine gender shall include the feminine or neuter and vice versa;

(k)     **"company"** shall mean any body corporate (of whatever kind) incorporated or brought into existence in any part of the world

(l)     **"property"** shall mean real, personal, movable or immovable property of any description wheresoever situated and interests rights or expectations in or over any such property including without prejudice to the generality of the foregoing intellectual property, industrial property, intangible property and choses in action of any description subject to any change in the Proper Law of the Trust and as otherwise herein provided the words used herein shall bear the meaning ascribed to them under the Law of the Island of Nevis;

The headings and sub-headings to this Deed are for convenience only and shall not affect the construction of the provisions hereof

## 2. POWER OF APPOINTMENT OF NEW OR ADDITIONAL TRUSTEES

The provisions contained in Part 6 section 35 of the Nevis International Exempt Trust Ordinance 1994 which are incorporated herein by reference shall apply when any Trustee(s) shall die or (being a company) shall be dissolved or shall give notice of a desire to withdraw and be discharged from these trusts or shall refuse or become unfit to act

## 3. POWER TO ALTER CLASS OF BENEFICIARIES

The Trustee(s) subject to the prior written consent of the Protector shall have power by deed or deeds revocable or irrevocable executed during the trust period to declare that any individual or individuals whether or not then born or ascertained for such period or periods as shall be specified in any such deed or deeds be included in the class of Beneficiaries defined in clause 1(a) above. The Trustee(s) shall also have power by deed or deeds revocable or irrevocable executed during the Trust Period to declare that any individual or individuals whether or not then born or ascertained who is or are a member or members (or eligible to be added as a member or members) of the class of Beneficiaries as defined by the said clause 1(a) immediately prior to the execution of such deed or deeds shall from such time and either permanently or for such period(s) as shall be specified in any such deed(s) cease to be a member or members (or eligible to become a member or members) of the class of Beneficiaries as defined by the said clause 1(a)

## 4. PROTECTOR

A new Protector shall be appointed whenever the Protector for the time being (being an individual) dies or is desirous of being discharged or (being a corporate body) is put into liquidation or unable or unfit to act or whenever the person for the time being having power to appoint a new Protector desires that the Protector for the time being should be removed as Protector. Power to appoint a new Protector is vested in the Protector for the time being or in the event of there being no protector for the time being the Trustee. The Protector's powers shall be in accordance with the provisions contained in Part 2 section 9 of the Nevis International Exempt Trust Ordinance 1994-95 and including but not limited to:-

(a.) Power of veto on intended distributions of income or capital;
(b.) Power of veto on intended investments;
(c.) Power to remove trustees;
(d.) Power to appoint new or additional trustees;
(e.) Power to exclude any beneficiary as a beneficiary of the trust;
(f.) Power to add any person (other than the Settlor) as a beneficiary of the trust in addition to any existing beneficiary of the trust, including any private or charitable trust or foundation;
(g.) Power to determine the proper law of the trust;
(h.) Power to change the forum of administration of the trust;
(i.) Power to release any of the Protector's powers

## 5. PROPER LAW FORUM AND PLACE OF ADMINISTRATION

(a) The proper law of this Trust shall be the Island of Nevis and all rights under this Trust and its construction and effect shall be subject to the jurisdiction of and construed according to the laws of the Island of Nevis

(b) The Courts of the Island of Nevis shall be the forum for the administration of these trusts

(c) Notwithstanding the provisions of sub-clauses (a) and (b) above, the Trustee(s) may from time to time with the prior written consent of the Protector (if any) at any time declare by deed that from the date of execution of such deed the Proper Law of the Trust shall be that of any specified jurisdiction and all the rights under this Trust and its construction and effect shall be subject to and construed according to the laws of that jurisdiction

The Trustee(s) may from time to time with the prior written consent of the Protector(if any) declare by deed that from the date of execution of such deed the forum for the administration of these trusts shall be the courts of any specified jurisdiction.

## 6. EXCLUSION FROM BENEFIT

Notwithstanding anything declared or implied in this Trust without the consent of the Protector no power or discretion by this Trust or by general law conferred on the Trustee(s) or any of them or on any other person or persons or company whatsoever shall be exercisable and no provision contained in this Trust shall operate in any manner so as to cause any property for the time being subject to the trusts declared and contained herein or any income of it to be paid or applied in any manner or in any circumstances whatsoever to or for the benefit of any Excluded Person as defined in clause 1(b) above

## 7. INDEMNITY

In the professed execution of the trusts and powers hereof none of the Trustees shall be liable for any loss arising by reason of any improper investment made in good faith or for the retention of any improper investment or any failure to see to the custody of or preservation of any chattels or the making or revising of any inventory thereof or for the negligence or fraud of any agent employed by him or by any other of the Truetees hereof(although the employment of such agent was not strictly necessary or expedient) or by reason of any other matter or thing whatsoever except wilful and individual fraud or wrongdoing on the part of the Trustee who is sought to be made liable

## 8. ULTIMATE DEFAULT TRUSTS

In the event of the failure or determination of the above trusts the capital and income of the Trust Fund shall be held upon trust for such of the Beneficiaries as are living at the date of this Deed and if more than one, in equal shares absolutely.

## 9. TRUSTEE(S) ADMINISTRATIVE POWERS

The Trustee(s) shall have all the powers conferred on them by general law and by the Nevis International Exempt Trust Ordinance 1994 including but not limited to:-

(a)     Power to invest Trust Fund as the Trustee(s) shall in their absolute discretion deem fit
(b)     Power to raise any monies required from time to time with or without securuty with the prior written consent of the Protector

(c)      Power to lend monies with or without security with the prior written consent of the Protector

(d)      Power to effect and maintain insurance and or assurance policies on the life or health of any person or in respect of any propert or liability whatsoever and pay any premiums out of the Trust Fund

(e)      Power to enter indemnities to the extent permitted by law in favour of any former Trustee(s) or any other person in respect of any fiscal imposition or other liability of any nature prospectively payable out of the Trust Fund

(f)      Power to pay taxes out of the Trust Fund

(g)      Power to promote companies

(h)      Power to effect compromises

If in the course of the management or administration of the property for the time being subject to the trusts herein the Trustee(s) shall consider that any transaction is expedient but the same cannot be effected by reason of the absence of any power for that purpose vested in the Trustee(s) of this Trust or by general law the Trustee(s) may by any deed or deeds confer upon themselves or upon their nominee or nominees either generally or in any particular instance the necessary power for that purpose without the necessity (if any) of obtaining the order of the Court of competent jurisdiction

IN WITNESS WHEREOF of the Trustee has caused its Common Seal to be affixed hereunto the day and year first above mentioned.

The Common Seal of               )
INWEALTH TRUSTEES NEVIS LIMITED

                                   )
was hereto affixed                 )
in the presence of:               )


Signed by the Settlor           )
David Bengis                   )


in the presence of:              )

## SCHEDULE A

## DISCRETIONARY BENEFICIARIES

During her life, Gabi Bengis is beneficiary of the income and capital of the Trust.

And such other discretionary beneficiary as may be declared by the Trustees from time to time by Deed pursuant to the terms of this Deed.

## SCHEDULE B

## TRUST FUND

The Trust Fund consists of US$100 and such assets as are contributed to the Trust from time to time.