```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :
UNITED STATES OF AMERICA
                                           :
         -v.-                                       03 Cr. 308 (LAK)
                                           :
GRANT BERMAN,
                                           :
                    Defendant,
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

# GOVERNMENT'S SENTENCING MEMORANDUM

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Alexander Wilson
Assistant United States Attorney
- Of Counsel -

The Government respectfully submits this sentencing memorandum in advance of the sentencing of defendant Grant Berman, scheduled for December 18, 2014, at 2:30 p.m., and in response to the defendant's Sentencing Memorandum dated December 4, 2014. The defendant has a United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") term of imprisonment of 12 months, as set forth in the Presentence Investigation Report ("PSR") prepared by the United States Probation Office ("Probation Office"). (PSR ¶ 94.)[1] The defendant requests that the Court impose a non-custodial sentence, based in part on the assistance he provided to the Government. While the Government defers to the Court as to the appropriate sentence for the defendant based on all the applicable factors, the defendant's assistance to the Government, standing alone, does not warrant a variance given his decision to withdraw his guilty plea in order to avoid the immigration consequences of his cooperation.

I.  **The Defendant's Assistance to the Government.**

Berman was arrested on August 7, 2003. Approximately a month later, in September 2003, he agreed to meet with the Government in an effort to cooperate. During a series of proffer sessions, Berman was immediately forthcoming, and provided truthful and valuable information about his participation in the scheme to import into the United States from South Africa illegally harvested rock lobster and Patagonian toothfish and the involvement of his co-defendants. Berman explained in considerable detail the day-to-day operations of Hout Bay in Cape Town, as well as its interaction with Icebrand in New York, and the illegal activities involved in those business operations. Berman also provided considerable detail about the co-conspirators' cover-up efforts after May 31, 2001, when it was first discovered that Hout Bay was seeking to export a large quantity of illegal fish by South African authorities.

---

[1] The defendant's Guidelines range is 21 to 27 months' imprisonment, but the statutory maximum is 12 months' imprisonment, resulting in the Guidelines term of 12 months' imprisonment.

In October 2003, Berman had pled guilty to a four-count superseding information pursuant to a cooperation agreement with the Government. Berman was willing to testify against co-defendants Arnold Bengis, Jeffrey Noll and David Bengis. The fourth co-defendant, Shawn Levy, entered into a cooperation agreement before Berman. The three remaining defendants ultimately pled guilty, rendering Berman's testimony unnecessary. After they pleaded guilty, however, they aggressively litigated their sentences, arguing that they were entitled to downward departures in light of the South African prosecution. The Government's brief in opposition to that departure motion relied significantly on information that Berman had provided, including information about the illegal activities at Hout Bay, and the efforts in South Africa to cover up the scheme. The Court ultimately denied the departure motions.

Berman also met repeatedly with law enforcement agents working on a related investigation and provided truthful and helpful information. That investigation did not result in additional charges.

**II.  The Defendant's Withdrawal of his Guilty Plea.**

As the Court is aware, Berman recently withdrew his guilty plea to the superseding information, with the Government's consent, in order to avoid deportation from the United States, which would likely have resulted from conviction on the charges contained in the Superseding Indictment. Instead, Berman pled guilty to the instant misdemeanor offense pursuant to a standard plea agreement, which he believes will allow him to remain in the United States.

**III.  The Defendant's Assistance to the Government Does Not Warrant a Non-Custodial Sentence.**

The defendant seeks a non-custodial sentence based in part on the assistance he provided to the Government. Obviously, the Court can and should take into account the facts regarding the defendant's assistance in determining his sentence. That assistance should be

given limited weight, however, in light of the defendant's withdrawal of his guilty plea and termination of his cooperation agreement. An essential component of Berman's cooperation was that he accept responsibility for the full scope of his criminal conduct and plead guilty to charges reflecting it. Berman has chosen not to fulfill that obligation, in order to maximize his chance to remain in this country. Indeed, his request to withdraw his plea essentially indicated that if he had been fully informed of the immigration consequences of cooperation in 2003, he would not have cooperated with the Government.

The defendant cannot have it both ways. Cooperation with the Government comes with costs as well as benefits, and in this case, the cost might well have been an inability to remain in the United States. As the defendant is unwilling to accept that cost, he should not now be given the same benefits that a cooperating witness would receive. Accordingly, the defendant's assistance does not warrant a non-custodial sentence.

Dated: December 17, 2014
New York, New York

Respectfully submitted,

PREET BHARARA
United States Attorney

By:     /s/ *Alexander Wilson*
Alexander Wilson
Assistant United States Attorney
Tel: (212) 637-2453
Fax: (212) 637-2620